Day, C. J.
It is conceded that the only controversy remaining undetermined in the case, is that of Price & Eowley against Beyer. It appears that they have a just claim of over $1,200 against Caldwell, who sold a stock of goods to Beyer for the purpose of defrauding his creditors; and that $1,040 remain due on the note Beyer gave for the goods. This sum they seek to recover of Beyer, to apply on their claim against Caldwell.
It must be borne in mind that Caldwell, and not Beyer, is the debtor of Price & Eowley. It is the property of their debtor only that they have the right to subject to the payment of their debt, and if he has sold it with intent to defeat that right, the sale, as to them, is void. They may pursue the property in the hands of the fraudulent vendee, and cause it to be sold for their benefit, or they may compel the vendee to account for its value. If they obtain either the property or its value from the vendee, their rights as to that property are exhausted. The law will aid them to subject the property *of their debtor, in the hands of a fraudulent vendee, or its equivalent, to the payment of their claim. But they can not obtain from the. vendee both the property and its value in money. That would be a double remedy. It would be imposing upon the vendee a penalty to which neither he nor the debtor is liable'. It would be a wrong against the vendee equal to that sought to be remedied.
It is not necessary to determine, in this case, what would be the rights or liabilities of a fraudulent vendee, when complicated by the claim of one creditor pursuing the property of his debtor, with that of another seeking to recover of him its price or value only. It would be clearly inconsistent for the same creditor, On the one hand, to claim the property on the ground of a fraudulent sale, and at the same time, on the other, admit the validity of the sale, and claim the value, or purchase price, of the goods. But this is, substantially, what Price & Eowley are doing in this case.
It is conceded, or on the facts found by the court it can not well be denied, that the sale Ijy Caldwell to Beyer was fraudulent as to the creditors of Caldwell, and that Goodwin purchased of Beyer with notice of the fraudulent intent, under circumstances that placed the goods in his hands, as to creditors, in substantially the same *364 condition as if they had remained in the hands of Beyer. There is, indeed, no controversy but that the creditors of Caldwell might subject the goods to the payment of their debts, or compel the vendee to account for their value.
It will be seen that Price & Bowley are not, in this case, seeking to subject the goods to the payment of their debt, nor are they asking for an account; but they seek to charge Beyer as the debtor of •Caldwell on the note given for the goods. The fraud as to creditors, therefore, only becomes material by way of answer to Beyer’s claim of exemption from liability on the note, grounded on the fraudulent sale. It is claimed, on the part of Price & Bowley, that, as Beyer was, in the first instance, garnisheed by them at his own suggestion, he is estopped from setting up a defense against the note.
When Beyer was thus garnisheed, he was in possession of the *goods for which the note was given. But without standing upon their garnishee proceedings, or, indeed, upon a subsequent assignment of the note, they attached the goods themselves, which were afterward sold, and Price & Bowley received a portion of the avails of the sale. Now, estoppels are mutual, and bind both parties. Good faith, moreover, on the part of Price & Bowley, if they relied on the note, demanded that they should not wrest from Beyer its sole consideration.. If, as creditors of Caldwell, they could elect either to waive objection to the sale and seek appropriation of the note to their claim, or to treat the sale as void and seize the goods, certainly they could not, as before stated, do both. Having taken the goods, it might with more propriety be claimed that they are thereby estopped from resorting to the note given for the goods.
It follows, from the principles already stated, that Price & Bowley, in electing to subject the goods to the payment of their claim, exhausted their rights against Beyer as the fraudulent vendee of their debtor; and that the most they can now claim of Beyer is, to charge him as the debtor of Caldwell on the note. This, indeed, is strictly what they attempt to do; and they base their claim on the garnishee proceeding and the assignment of the note.
It does not appear that the attachment proceedings against Caldwell and Beyer were ever pursued to judgment against either of them; and it would seem that Price & Bowley, instead thereof, relied on the assignment of the note to them. This, however, may not be material. As to the assignment of the note, it is shown by the findings, of the court, that not only did Price & Bowley have *365 full knowledge that the consideration of the note was fraudulent,, but that it was assigned to them after its maturity. So that, whether Price & Rowley base their claim upon the garnishee pro cess, if that be available, or on the assignment of the note, in either case they stand upon such rights only as Caldw.ell has against Beyer; and he may set up any defense against them that he could against Caldwell. S. & C. Stat. 862, sec. 3.
It is shown by the facts found, that both Caldwell and Beyer were equally implicated in the attempt to defraud ^creditors, by the sale of the goods for which the note was given.
It has been settled in this state, that in actions on such instruments, where the parties areparticeps criminis, upon considerations of public policy, the defendant may prove the fraud and defeat a recovery. Goudy v. Gebhart, 1 Ohio St. 262.
It is scarcely necessary to add, that if the note had been negotiated before due to an innocent holder, in that case the rights of-the parties would stand upon a different footing. The obligation to pay the note in such case, even though the goods for which it was given had been taken by the creditors of the fraudulent vendor, would not arise because of the fraud, but by reason of the protection that the law affords to the indorsee. The same obligation would rest upon the maker of a note who was the innocent victim of a fraud,
It is not deemed necessary to notice, further, other matters discussed in argument, since, upon the principles already stated, it follows that Price & Rowley can not recover on the case presented.before us, and that judgment must be rendered in favor of the defendant Beyer.
White, Welch, Brinkerhoee, and Scott, JJ.-, concurred.